**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 09-23080-CIV-GOLD/McALILEY**

**GUILLERMO DIAZ-CABRERA**

       **Plaintiff,**

**vs.**

**INTERNATIONAL  PORTFOLIO, INC.,**
**FIRSTSOURCE FINANCIAL SOLUTIONS, INC.,**
_____**Defendants.**_____/

**ORDER SETTING PRETRIAL AND TRIAL DATES, REFERRING DISCOVERY**
**MOTIONS, DIRECTING PARTIES TO MEDIATION, AND ESTABLISHING**
**PRETRIAL DATES AND PROCEDURES**

      Based upon the parties' Joint Conference Report, dates for the pretrial conference, calendar

call, and trial of this case are set forth below.  Counsel shall carefully review and comply with the

following requirements concerning the pretrial conference.

**Pretrial Conference and Trial Date**

      1. The pretrial conference is set pursuant to Fed.R.Civ.P. 16 for **February 11, 2011 at 4:00**

**p.m**. Unless instructed otherwise by subsequent order, the trial and all other proceedings shall be

conducted at **400 North Miami Avenue, Courtroom 11-1, Miami, Florida 33128**. Pursuant to

S.D.Fla.L.R. 16.1(C), each party shall be represented at the pretrial conference and at the meeting

required by S.D.Fla.L.R. 16.1(D) by the attorney who will conduct the trial, except for good cause

shown.

      2. Trial is set for the two-week calendar commencing **Monday, March 14, 2011.** Counsel

for all parties shall appear at a Calendar Call on **Wednesday, March 9, 2011 at 1:30 p.m.**

**Referral**

3.   Pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, all discovery pretrial motions in the above-captioned cause, except all motions for extension of time which could affect the dates set forth below, are hereby referred to United States Magistrate Judge McAliley to take all necessary and proper action as required by law.[1] This referral shall expire on the date of the pretrial conference. Upon expiration, all matters pending before the United States Magistrate Judge shall remain before the Magistrate Judge for resolution, and all new matters shall be filed for consideration by the undersigned.

**Mediation**

4.   The parties shall participate in mediation in accordance with the schedule below.  The appearance of counsel and each party or representative of each party with full settlement authority is mandatory.  If insurance is involved, an adjuster with full authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

5.   All discussions made at the mediation conference shall be confidential and privileged.

6.   The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Rule 16.2(B)(6), or as agreed to in writing by the parties and mediator.  The parties shall share equally the cost of mediation unless otherwise ordered by the Court.  All payments shall be remitted to the mediator within 30 days of the date of the bill.  The parties shall notify the mediator of cancellation two full business days in advance.  Failure to do so will result in imposition of a fee for one hour.

7.   If a full or partial settlement is reached, counsel shall promptly notify the Court of

---

[1] Please carefully review the mandatory discovery procedures attached to this Order.

2

settlement within ten days of the mediation conference in accordance with Local Rule 16.2(F).

8. **Within five days** following mediation, the mediator shall file a Mediation Report indicating whether the parties were present and recommending sanctions for non-attendance. The Report shall also state whether the case settled (in full or in part), was continued with the parties' consent, or whether the mediator declared an impasse.

9. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

### Pretrial Schedule and Pretrial Stipulation

10. All counsel shall comply with S.D.Fla.L.R. 16.1(D) regarding the preparation of the joint Pretrial Statement. **The court will not accept unilateral pretrial stipulations, and will strike *sua sponte*, any such submissions.** Should any of the parties fail to cooperate in the preparation of the joint stipulation, all other parties shall file a certification with the court stating the circumstances. The non-cooperating party may be held in contempt, and sanctions may be imposed, for failure to comply with the court's order.

### Time Schedule and Requirements

11. The following time schedule shall govern unless modified by court order after a showing of compelling circumstances. Absent a court order, a motion to dismiss shall not stay discovery.

| | DATE | ACTION |
|---|---|---|
| By | 4-1- 2010 | The parties shall exchange the information required by Fed.R.Civ.P. 26(a)(1). |

| By | 6-1 2010 | Plaintiff's counsel, or any other attorney agreed upon by all parties, shall file a Designation of Mediator. If there is no agreement on a mediator, the parties shall notify the Clerk in writing and the Clerk shall designate a mediator. |
|----|----------|---|
| By | 6-15-2010 | Each party shall exchange preliminary lists of all witnesses then believed to have knowledge of the facts supporting the material allegations of the pleading filed by that party, and each party shall exchange all documents then available or subject to its control that they contemplate using as evidence in support of any allegations of the pleading filed by that party. |
| By | 8-30-2010 | All non-dispositive pretrial motions (including motions pursuant to Fed.R.Civ.P. 14, 15, 18 through 22, and 42 motions) shall be filed. Any motion to amend or supplement the pleadings filed pursuant to Fed.R.Civ.P. 15(a) or 15(d) shall comport with S.D.Fla.L.R. 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order as required. Prior to filing any non-dispositive motion, counsel for the moving party shall confer, or make reasonable effort to confer, with counsel for the opposing party in a good faith effort to resolve the matter, and shall include in the motion a statement certifying that this has been done. **When filing non-dispositive motions, the moving party shall submit a proposed order in WORDPERFECT (or Word) format to gold@flsd.uscourts.gov.** |

| By | 8-30-2010 | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
|----|----------|---|
| By | 9-15-2010 | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |

| By | 9-30-2010 | The parties shall comply with S.D.Fla.L.R. 16.1.K concerning the exchange of expert witness summaries and reports. This date shall supercede any other date in Local Rule 16.1.K. |
|----|-----------|---|
| By | 10-15-2010 | Rebuttal expert reports shall be filed. |
| By | 11-30-2010 | All expert discovery shall be completed. |
| By | 11-30-2010 | All non-expert discovery shall be completed. |
| By | 12-30-2010 | All dispositive pretrial motions and memoranda of law must be filed. **See amended attached instructions on summary judgment briefs. Failure to comply with these instructions may result in dismissal of Motions for Summary Judgment without prejudice to refile in accordance with Local Rules and the attached instructions.** If any party moves to strike an expert affidavit filed in support of a motion for summary judgment [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc,* 509 U.S. 579, 125 L.Ed. 2d 469, 113 S.Ct. 2786 (1993) and *Kumho Tire Company, Ltd. v. Carmichael,*_U.S._, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)], the motion to strike shall be filed with that party's responsive memorandum. |
| By | 8-30-2010 | Mediation shall be completed. [Ninety days prior to the mediation date, counsel for Plaintiff shall file a notice with the Court indicating the name of the Mediator as well as  the place, date and time mediation will take place]. |
| By | 1-11-2011 | **Pretrial Stipulation and *Motions in Limine.*** The joint pretrial stipulation shall be filed pursuant to S.D.Fla.L.R. 16.1.E. In conjunction with the Joint Pretrial Stipulation, the parties shall file their motions in limine. |

Non-compliance with any provision of this Order may subject the offending party to sanctions or dismissal. **Failure to file a Joint Pretrial Stipulation on or before the date set forth above shall be grounds for dismissal.**

**ORDERED** and **SIGNED** in Chambers at Miami, Florida, this 25th day of  May, 2010.

**ALAN S. GOLD**
**UNITED STATES DISTRICT JUDGE**

_____*** PLEASE READ CAREFULLY***

INSTRUCTIONS FOR SUMMARY JUDGMENT BRIEFS

The parties shall comply with the following instructions when filing summary judgment briefs:

1. When filing a Motion for Summary Judgment, the moving party shall contemporaneously file a Local Rule 7.5 Statement of Undisputed Material Facts delineating by number each material fact, supported with citations to the record.  **Failure to do so may result in dismissal of the Motion for Summary Judgment without prejudice.**

2.  The opposing party shall file contemporaneously with its Opposition a Response to the Statement of Undisputed Material Facts which shall respond, by corresponding number, to each of the moving party's statements of fact.  The opposing party shall state, based on citations to the record, whether each fact is disputed or undisputed.  If the fact is disputed, the opposing party shall state why the dispute is a material one.  If the opposing party wishes to state additional facts not included in the moving party's Statement of Undisputed Material Facts, those facts shall be delineated by number and supported by citations. **Pursuant to Local Rule 7.5 and Eleventh Circuit case law, a failure to respond to each of the moving party's undisputed material facts may lead the Court to accept those material facts as undisputed.** *See United States v. One Piece of Real Property Located at 5800 SW 74th Avenue*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004) (stating that a court , after reviewing the record and concluding that there is no genuine issue of material fact, may consider summary judgment movant's facts admitted if the facts are not controverted by the nonmoving party).

3.  If the moving party chooses to reply to the nonmoving parties' statement of disputed facts, the reply shall, by corresponding number, respond to each of the opposing party's facts, stating whether each fact is disputed and/or material.

Pursuant to the Amendments to the Local Rules, effective January 17, 2008, the Statement of Material Facts submitted either in support of or in opposition to a motion for summary judgment shall:

4.  Consist of separately numbered paragraphs.

Statements of material facts submitted in opposition to a motion for summary judgment shall correspond with the order and with the paragraph numbering scheme used by the movant, but need not repeat the text of the movant's paragraphs.  Additional facts which the party opposing summary judgment contends are material shall be numbered and placed at the end of the opposing party's statement of material facts; the movant shall use that numbering scheme if those additional facts are addressed in the reply.

Local Rule 7.5(C)(3).

## DISCOVERY PROCEDURE FOR
## MAGISTRATE JUDGE CHRIS McALILEY

### MEET AND CONFER

Counsel **must** actually confer (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes **before** filing discovery motions.  The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought or is being withheld in bad faith.

### DISCOVERY MOTIONS

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, the moving party shall file a motion, **no longer than 5 pages in length**. The moving party may attach as exhibits to the motion materials relevant to the discovery dispute.  For example, if the dispute concerns interrogatories, the interrogatory responses (that restate the interrogatories) shall be filed, with some indication which interrogatories remain in dispute.  The movant shall include in its motion a certificate of good faith that complies with S.D. Fla. L. R. 7.1 (A)(3).  **Counsel shall also deliver a courtesy hard copy of the motion and tabbed exhibits to Judge McAliley's chambers at the time of filing.**

Once a discovery motion is filed, the Court will review the motion.  In most instances, the Court will issue an order placing the motion on its next available discovery calendar.

### RESPONSES TO MOTIONS

The responding party shall file a response to the discovery motion no later than the close of business three days before the discovery conference noticed by the Court.  The response shall be limited to **3 pages in length.**  The responding party may attach as exhibits materials relevant to the discovery dispute, as referenced above.  **Counsel shall also deliver a courtesy hard copy of the response and tabbed exhibits to Judge McAliley's chambers at the time of filing**.

On the rare occasions when the Court believes the motion might be resolved without a hearing it will order the non-moving party to file a response.

These procedures do not relieve parties from the requirements of any Federal Rule of Civil Procedure or Local Rule.